17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elizabeth KLIMAS, Petitioner,
v.
U.S. DEPARTMENT OF the TREASURY, Respondent.
 No. 92-70264.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1994.
Decided Feb. 11, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges, and TANNER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Elizabeth Klimas petitions pro se for review of the decision of the Office of the Chief Administrative Hearing Officer dismissing her administrative claim. Klimas filed this claim pursuant to the anti-discrimination provisions of the Immigration and Reform Control Act of 1986 (IRCA), 8 U.S.C. Sec. 1324b, alleging that her former employer, the Internal Revenue Service (IRS), discriminated against her based on her citizenship status.
 
 
 4
 She contends the administrative law judge (ALJ) erred in concluding that she had failed to establish a prima facie case of discrimination. The ALJ found Klimas had not established a causal link between being a member of a protected class and termination of her employment. We agree, and we deny the petition for review.
 
 
 5
 We have previously noted that the legislative history behind IRCA indicates that Congress intended to extend the anti-discrimination protections of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq., to " 'provide ... protection against employment discrimination based on alienage or non-citizen status.' " United States v. Todd Corp., 900 F.2d 164, 167-68 (9th Cir.1990) (quoting H.R.Rep. No. 682, 99th Cong., 2d Sess., pt. I at 70, reprinted in 1986 U.S.Code Cong. & Admin.News 5649, 5674). Accordingly, it is appropriate to refer to Title VII jurisprudence to establish the analytical framework for discrimination cases brought under IRCA.
 
 
 6
 We review de novo the ALJ's determination that Klimas failed to establish a prima facie case of discrimination. See Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 671 (9th Cir.1988) (applying de novo review to grant of summary judgment in Title VII action where district court found plaintiff failed to establish prima facie case of discrimination). We accept the trier of fact's factual determinations unless they are clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 573-74 (1985); Norris v. City and County of San Francisco, 900 F.2d 1326, 1329 (9th Cir.1990).
 
 
 7
 The plaintiff bears the initial burden of establishing by a preponderance of the evidence a prima facie case of employment discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Where, as here, a plaintiff's claims are based exclusively on a theory of disparate treatment, "a plaintiff may assert either that the employer's challenged decision stemmed from a single illegitimate motive (i.e., sex discrimination) or that the decision was the product of both legitimate and illegitimate motives." See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991). Because Klimas alleges multiple improper motives for her dismissal, only one of which is cognizable under IRCA, she must "show that it is more likely than not that a protected characteristic 'played a motivating part in [the] employment decision.' " See id. at 1110 (alteration in original) (quoting Price Waterhouse v. Hopkins, 490 U.S. 228, 244, 247 n. 12 (1989)).
 
 
 8
 She may establish an inference of such discrimination by demonstrating (1) that she was a member of a protected class, (2) that she was performing her job well enough to rule out the possibility she was fired for inadequate job performance, and (3) that her employer sought a replacement with qualifications similar to her own, thus demonstrating a continued need for the same services and skills. Pejic, 840 F.2d at 672; see also Sengupta v. Morrison-Knudsen Company, Inc., 804 F.2d 1072, 1075 (9th Cir.1986) (applying same test and noting that standards established in McDonnell Douglas are adaptable to different employment discrimination situations).
 
 
 9
 Klimas satisfies the first prong of this test. She is a naturalized United States citizen of Polish origin. However, she failed to prove adequate job performance, as required by the second factor. Rather, ample evidence in the record indicates that she was not performing her job at a satisfactory level. Her personnel file contains negative job evaluations and written reports documenting inappropriate behavior such as unreceptivity to criticism, making inappropriate comments about a co-worker's personal life, being rude and abusive to a taxpayer seeking information, and failing to take steps to remedy these problem areas.
 
 
 10
 Her file also contains evidence that she lied on her job application regarding a prior married name under which she had a disputed and unexplained contact with the police. This information, which she says is untrue, was uncovered as part of a routine background check carried out by the IRS. As part of this routine background check, IRS investigators apparently reviewed Klimas's naturalization papers and discovered her married name. The IRS fired Klimas before completion of the background check. We express no opinion on the information discovered during the uncompleted background check.
 
 
 11
 However, no evidence in the record supports even an inference of a causal relationship between Klimas's citizenship status and the IRS determination to fire her. See Sischo-Nownejad, 934 F.2d at 1110. On the other hand, ample evidence tends to show that she was fired because of her inadequate job performance. See Pejic, 840 F.2d at 674. Accordingly, Klimas failed to establish a prima facie case of discriminatory treatment and the ALJ properly dismissed her claim. See Sengupta, 804 F.2d at 1075. Other issues argued in the case present no question requiring discussion.
 
 
 12
 DENIED.
 
 
 
 *
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3